Johnson, J.
The right of a landlord to come in and defend the possession of his tenant, has been regulated by statute in England; but it seems that, by the common law, the landlord might, by leave of the Court, be made a co-defendant to the action, in case the tenant himself appeared to it, or if he made default, though judgement must be signed against the casual ejector, yet execution should be stayed in case the landlord should apply to be made a defendant, and entered into the common rule to confess lease, entry and ouster; and this was intended to prevent fraudulent recoveries of the possession, by collusion with the tenant in possession. 3 Black. Com. 160-204.
In M’Kie v. Garlington, 3 M’Cord, 276, the order, as in this case, seems to have been, that the landlord should be substituted in the place of the original defendant, and, according to its literal import, would have authorized the erasure of the name of the original defendant from the record, and inserting that of his landlord ; but it never could have been intended by the Court to dismiss a defendant who had done the wrong to the plaintiff, and substitute another, who might or might not be able to respond in damages ; and this, I think, is fairly inferable from the expression made by Mr. Justice Nott, that the plaintiff ought not to he placed in a worse situation by the *528 substitution of another defendant. The object was to prevent a fraudulent recovery, by collusion with the tenant, and as a mean, the landlord was permitted to come in and defend his title, as in England ; and to have admitted him as a co-defend-an{j wag aj[ {jlat wag necessary to this object. I am certain that nothing more was intended. The difficulty has arisen from the use of the term substitute, without reference to its moaning. The Court have no authority to dismiss the wrongdoer, and substitute a stranger in his stead, although he may voluntarily assume the responsibility, without the consent of the party injured. The application of the landlord to be permitted to come in and defend his title, is an admission that the tenant entered under his authority; they are, therefore, joint trespassers, and may be properly joined in the same action, and that is the effect of allowing the application of the landlord to be permitted to defend.
The payment of costs by Howard cannot vary the case ;— giving to the order its legitimate operation, by making him a co-defendant, he was in the power of the Court, and subject to the ovder of the Court in respect to the costs.
The order was made at the last Spring Term, and the only difficulty I have felt in the case is, as to the propriety of entertaining an application to reform it at this time $ but I incline to think that it may, with pi'opriety, be classed amongst the interlocutory orders from which an appeal will lie, even after the final determination of the case. It is, at most, one of those blunders in the conduct of a cause, to which the Court may have in some soit contributed, and may be corrected without any possible prejudice to the defendant.
Motion dismissed.
O’Neall and Harper, Js. concurred.